IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EMERSON ELECTRIC CO., FISHER-ROSEMOUNT SYSTEMS, INC., and ROSEMOUNT INC., <br><br> Plaintiffs, <br><br> v. <br><br> SIPCO LLC, and IP CO., LLC (d/b/a INTUS IQ) <br><br> Defendants. | Civil Action No. _____ <br><br> Declaratory Judgment <br> Patent |

## COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY

1.     Plaintiffs Emerson Electric Co., Fisher-Rosemount Systems, Inc., and

Rosemount Inc. (collectively, "Emerson" or "Plaintiffs") bring this action against

Defendants SIPCO LLC ("SIPCO") and IP CO., LLC d/b/a Intus IQ ("IPCO")

(collectively "Defendants") seeking a declaratory judgment that the claims

identified below from United States Patent Nos. 7,103,511 ("the '511 Patent")

("the SIPCO Patent"); and 6,044,062 ("the '062 Patent") ("the IPCO Patent") are

invalid and not infringed by Emerson.

## PARTIES

2.     Plaintiff Emerson Electric Co. is a corporation organized and existing under the laws of the State of Missouri, having its principal place of business at 8000 W. Florissant Ave., St. Louis, Missouri 63136.

3.     Plaintiff Fisher-Rosemount Systems, Inc. is an indirect, wholly-owned subsidiary of Emerson Electric Co. and is a corporation incorporated under the laws of the State of Delaware, having its principal place of business at 1100 W. Louis Henna Blvd., Bldg. 1, Round Rock, Texas 78681.

4.     Plaintiff Rosemount Inc. is an indirect, wholly-owned subsidiary of Emerson Electric Co. and is a corporation organized and existing under the laws of the State of Minnesota, having its principal place of business at 8200 Market Blvd., Chanhassen, Minnesota 55317.

5.     Upon information and belief, Defendant SIPCO is a limited liability company organized and existing under the laws of the State of Georgia, having its principal office at 8215 Roswell Road, Building 900, Suite 950, Atlanta, Georgia 30350.

6.     Upon information and belief, Defendant IPCO is a limited liability company organized and existing under the laws of the State of Georgia, having its

principal office at 8215 Roswell Road, Building 900, Suite 950, Atlanta, Georgia 30350.

## JURISDICTION AND VENUE

7.     The claims asserted in this Complaint arise under the Patent Laws of the United States, 35 U.S.C. § 100, et seq., and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and are brought for a declaration by this Court that the claims identified below from the SIPCO Patent and the IPCO Patent (collectively "the Patents-in-Suit") are invalid and not infringed by Emerson.

8.     This Court has jurisdiction over the claims asserted in this Complaint under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.  An actual and justiciable controversy exists between Emerson and Defendants concerning the alleged infringement and validity of the Patents-in-Suit.

9.     This Court has personal jurisdiction over the Defendants.  Defendant SIPCO, a Georgia company, maintains a principal place of business in this judicial district, conducts business licensing and enforcing its patent portfolio from such place of business, and has purposefully directed activities related to the enforcement and defense of the SIPCO Patent in this judicial district.  SIPCO has previously asserted the '511 Patent, and other related patents, including U.S. Patent No. 6,437,692 ("the '692 Patent"), and U.S. Patent No. 7,697,492 ("the '492

Patent")), in this judicial district. SIPCO has continuous and systematic contacts with Georgia and this judicial district. Defendant SIPCO may be served with process on its registered agent, Michael Coleman, 3560 Lenox Road, Suite 1600, Atlanta, Georgia 30326.

10.     Defendant IPCO, a Georgia company, maintains a principal place of business in this judicial district, conducts business licensing and enforcing its patent portfolio from such place of business, and has purposefully directed activities related to the enforcement and defense of the IPCO Patent in this judicial district. IPCO has previously asserted the '062 Patent, and a related patent (U.S. Patent No. 6,249,516 ("the '516 Patent")), in this judicial district. IPCO has continuous and systematic contacts with Georgia and this judicial district. Defendant IPCO may be served with process on its registered agent, Andrea Marie Booher, at 945 East Paces Ferry Road, Suite 2700, Atlanta, Georgia 30326.

11.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and (d).

## BACKGROUND

12.     The '511 Patent, entitled "Wireless communication networks for providing remote monitoring of devices," issued on September 5, 2006.

13.     SIPCO has represented that the '511 Patent is currently assigned to it.

14.     The '692 Patent, the '893 Patent, and the '492 Patent are related to each other because they are part of the same patent family.

15.     The '062 Patent, entitled "Wireless network system and method for providing same," issued on March 28, 2000.

16.     IPCO has represented that the '062 Patent is currently assigned to it.

17.     The '062 Patent and the '516 Patent are related to each other because they are part of the same patent family.

18.     On or about February 5, 2007, Emerson received a letter dated January 31, 2007, from John C. Herman of Duane Morris, counsel for IPCO, LLC ("the IPCO Letter").

19.     Upon information and belief, IPCO is an entity closely related to SIPCO.  Both entities share the same principal place of business and largely the same management team, including common founder T. David Petite.

20.     The IPCO Letter alleges that "Emerson is currently manufacturing, using, selling and/or offering for sale a mesh network system" and encloses four patents, including the '516 Patent, the '062 Patent, and the '511 Patent.  The IPCO Letter states that its purpose was "to put your company on notice of IPCO's intellectual property rights."

21.     On or about February 16, 2007, Emerson responded to the IPCO Letter with a letter asking Mr. Herman to specify which of Emerson's products he believed required a license and which claims of the patents were relevant.

22.     Emerson did not receive a response to its February 2007 letter and received no further communication from Mr. Herman or anyone associated with IPCO or SIPCO about any of the Patents-in-Suit for nearly four years.

23.     In January 2011, plaintiff Rosemount became the target of activity related to the '511 and '492 Patents in *SIPCO, LLC v. Control4 Corporation, et al.*, N.D. Ga. Case No. 1:11-cv-00612-JEC ("the Control4 case").

24.     On or about January 10, 2011, Rosemount received a letter from Siemens AG notifying Rosemount of the Control4 case, in which SIPCO accused certain products of Siemens Industry, Inc. (an indirect subsidiary of Siemens AG) of infringing the '511 and '492 Patents and one additional patent.  The letter alleged that such products are subject to indemnification from Rosemount due to a contractual provision between Rosemount and Siemens AG.

25.     On or about January 27, 2011, SIPCO served a subpoena upon Rosemount in connection with the Control4 case.  The subpoena demanded that Rosemount produce documents related to products Rosemount supplied or had supplied to Siemens Industry, Inc.

26.    The subpoena from SIPCO included broad document requests.  For example, Request No. 1 asked for "[d]ocuments sufficient to identify all Products, including any ZigBee, WirelessHART, ISA-100, Z-Wave, EnOcean, JenNet, 6WLoPAN, 802.15.4, or other wireless communication protocol-enabled devices, that were sold, leased, or in any way provided by Rosemount to Siemens since May 1, 2003, including without limitation Rosemount's 1420 Gateway."  Request No. 3 asked for "[a]ll documents that refer, reflect, or relate to any agreement to indemnify, defend, or hold harmless between Rosemount and Siemens for claims related to any Products identified in response to Request No. 1."  Request No. 4 asked for "[a]ll technical documents that refer, reflect, or relate to each Product responsive to Request No. 1."

27.    Rosemount responded to the discovery by producing documents designated as "Confidential" under the Stipulated Protective Order in the Control4 case.

28.    In or around late February or early March 2013, Emerson received a letter dated February 27, 2013 from Candida Petite, COO of SIPCO, LLC ("the SIPCO Letter").

29.    The SIPCO Letter is "regarding licensing of the Wireless Mesh Patent Portfolio owned by SIPCO, LLC and IntusIQ (formerly known as IPCO, LLC)"

and states "[w]e understand that some of Emerson's products such as the Emerson Smart Wireless product line may incorporate features that make use of patents in the Wireless Mesh Patent Portfolio License, and therefore, would benefit from such a license."

      30.    On or about March 18, 2013, Emerson responded to the SIPCO Letter with a letter expressing surprise at receiving the SIPCO Letter and its allegations "given past events," including Emerson's February 16, 2007 response to the IPCO Letter from which "[m]ore than six years have passed without Emerson receiving the information it requested or SIPCO ever indicating that it believed that Emerson required a license for wireless products being sold by its Emerson Process Management business units. Thus, these Emerson business units have continued to invest in the development of and grow the market for these wireless products throughout this period." Emerson's response further states that "[w]e have no reason to believe that SIPCO's patents implicate Emerson's Smart Wireless products…" and asks "if you have information that you would like us to review with respect to any specific Emerson products and SIPCO's patents, we would be happy to consider it and respond to you promptly when we do."

31.    Emerson and Defendants have had further communications, including a July 9, 2013 e-mail from Candida Petite forwarding a purported "standard license agreement".

32.    On or about July 14, 2013, Candida Petite provided charts with "illustrative examples" comparing Emerson's products to claims of the '511 Patent and other SIPCO Patents, and to claims of the '062 Patent and other IPCO Patents and purportedly showing infringement ("the SIPCO/IPCO Illustrative Claim Charts").

33.    The SIPCO/IPCO Illustrative Claim Charts assert infringement of claim 18 of U.S. Patent No. 6,437,692 ("the '692 Patent") by specific models of Emerson's products ("the '692 Accused Products"); claim 1 of the '893 Patent by specific models of Emerson's products ("the '893 Accused Products"); claim 1 of the '511 Patent by specific models of Emerson's products ("the '511 Accused Products"); claim 14 of the '492 Patent by specific models of Emerson's products ("the '492 Accused Products"); claim 13 of U.S. Patent No. 8,013,732 ("the '732 Patent") by specific models of Emerson's products ("the '732 Accused Products"); claim 2 of the '062 Patent by specific models of Emerson's products and by "Emerson's Wireless Field Data Backhaul Network" (collectively, "the '062 Accused Products"); claim 1 of the '516 Patent by specific models of Emerson's

products ("the '516 Accused Products"); and claim 10 of U.S. Patent No. 8,000,314 ("the '314 Patent") by specific models of Emerson's products ("the '314 Accused Products").

34.    SIPCO and IPCO have brought numerous lawsuits against more than 50 defendants alleging infringement of the Patents-in-Suit and other patents belonging to the same patent families as the Patents-in-Suit, both in this judicial district and in others.  These lawsuits include:

    a.    *IPCO, LLC v. Elster Electricity, LLC*, Northern District of Georgia, Atlanta Division (1:05-cv-01182-CC) (asserting the '516 Patent);

    b.    *IP Co., LLC v. Cellnet Technology, Inc.*, Northern District of Georgia, Atlanta Division (1:05-cv-02658-CC) (asserting the '516 and '062 Patent);

    c.    *IP Co., LLC, et al. v. Cellnet Technology, Inc. and Tropos Networks, Inc.*, Northern District of Georgia, Atlanta Division (1:06-cv-03048-JEC) (asserting the '511 Patent);

    d.    *SIPCO, LLC v. Amazon.com, Inc., Cooper Industries, Ltd., Cooper Wiring Devices, Inc., Crestron Electronics, Inc., Eaton Corporation, Hawking Technologies, Inc., Homeseer Technologies, Inc., Intermatic, Inc., Leviton Manufacturing Co., Inc., Smart Home Systems, Inc., Wayne-Dalton Corp.,*

*and X10 Wireless Technology, Inc.*, Eastern District of Texas, Marshall Division (2:08-cv-00359-DF) (asserting the '511 Patent);

e.     *SIPCO, LLC and Advanced Sensor Technology, Inc. v. The Toro Company*, Eastern District of Pennsylvania (2:08-cv-00505-TJS) (asserting the '511 Patent);

f.     *SIPCO LLC v. Datamatic, Ltd., EKA Systems, Inc., Johnson Controls, Inc., Sensus USA Inc., and Trilliant Networks, Inc.*, Eastern District of Texas, Tyler Division (6:09-cv-00532-LED-JDL) (asserting the '511 Patent and one other patent);

g.     *SIPCO LLC v. Control4 Corporation, Digi International Inc., Home Automation Inc., Schneider Electric Buildings Americas, Inc., Schneider Electric USA, Inc., and Siemens Industry, Inc.*, Northern District of Georgia, Atlanta Division (1:11-cv-00612-JEC) (asserting the '511 and the '492 Patent and one other patent);

h.     *SIPCO, LLC v. Energate Inc., Ecobee Inc., Rainforest Automation, Inc., Smartsynch, Inc., AMX Corporation, Simplehomenet, Inc., and Centralite Systems, Inc*., Eastern District of Texas, Tyler Division (6:10-cv-00533-LED) (asserting the '511 and '492 Patents);

      i.      *SIPCO, LLC v. Abb, Inc., Coulomb Technologies, Inc.,*

*Ecotality, Inc., Electric Transportation Engineering Corporation d/b/a Ecotality*

*North America, Energyhub, Inc., Jetlun Corporation, Ingersoll-Rand Company,*

*Ingersoll-Rand Schlage Lock Holding Company LLC, Schlage Lock Company,*

*Trane, Inc., and Smartlabs, Inc*., Eastern District of Texas, Tyler Division (6:11-

cv-00048-LED) (asserting the '511 and the '492 Patent and one other patent);

      j.      *SIPCO, LLC v. ADT Security Services, Inc.*, Southern District

of Florida, West Palm Beach Division (9:11-cv-80521-DMM) (asserting the '692,

'511, '492 and the '893 Patents); and

      k.      *SIPCO, LLC v. Comcast Corporation and Comcast Broadband*

*Security, LLC*, Southern District of Florida, West Palm Beach Division (9:11-cv-

80999-DMM) (asserting the '511 and the '492 Patent and two additional patents).

35.     It is evident from the lawsuits listed above that SIPCO and IPCO are

actively enforcing the Patents-in-Suit and their patent families through litigation.

36.     It is further evident from the lawsuits listed above in Paragraphs 34

(a), (b), (c) and/or (g) that SIPCO and IPCO are purposefully directing activities

related to the enforcement and defense of some of the Patents-in-Suit and other

patents from the same patent families in this judicial district.

37.     The events described in the foregoing paragraphs, including the IPCO Letter, the SIPCO Letter, SIPCO's and IPCO's proffered "standard license agreement," the SIPCO/IPCO Illustrative Claim Charts, and the additional communications demonstrate the existence of a substantial controversy between SIPCO and IPCO on the one hand and Emerson, parties having adverse legal interests with respect to the validity and alleged infringement of the identified claims of the Patents-in-Suit.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

38.     Therefore, an actual and justiciable controversy exists between Emerson and Defendants as to the infringement and the validity of identified claims of the Patents-in-Suit, and Emerson has no adequate remedy at law if the Court does not issue a Declaratory Judgment and enjoin Defendants from asserting its infringement claims.

## COUNT I

### (Invalidity of the '511 Patent – Claim 1)

39.     Emerson repeats and re-alleges the allegations of paragraphs 1 - 38 as if fully set forth herein.

40.     Upon information and belief, claim 1 of the '511 Patent is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation, Sections 101, 102, 103 and/or 112 thereof.

41.     To resolve the legal and factual questions raised by Emerson and to afford relief from the uncertainty and controversy which Defendants' accusations have precipitated, Emerson seeks a declaration from this Court that claim 1 of the '511 Patent is invalid.

## COUNT II

### (Invalidity of the '062 Patent – Claim 2)

42.     Emerson repeats and re-alleges the allegations of paragraphs 1 - 38 as if fully set forth herein.

43.     Upon information and belief, claim 2 of the '062 Patent is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation, Sections 101, 102, 103 and/or 112 thereof.

44.     To resolve the legal and factual questions raised by Emerson and to afford relief from the uncertainty and controversy which Defendants' accusations have precipitated, Emerson seeks a declaration from this Court that claim 2 of the '062 Patent is invalid.

## COUNT III

### (Non-Infringement of the '511 Patent – Claim 1)

45.     Emerson repeats and re-alleges the allegations of paragraphs 1 - 38 as if fully set forth herein.

46.     The '511 Accused Products do not infringe and have not infringed claim 1 of the '511 Patent, either directly, by active inducement, or by contributing to infringement by others.

47.     To resolve the legal and factual questions raised by Emerson and to afford relief from the uncertainty and controversy which Defendants' accusations have precipitated, Emerson seeks a declaration from this Court that the '511 Accused Products do not infringe claim 1 of the '511 Patent.

## COUNT IV

### (Non-Infringement of the '062 Patent – Claim 2)

48.     Emerson repeats and re-alleges the allegations of paragraphs 1 - 38 as if fully set forth herein.

49.     The '062 Accused Products do not infringe and have not infringed claim 2 of the '062 Patent, either directly, by active inducement, or by contributing to infringement by others.

50.     To resolve the legal and factual questions raised by Emerson and to afford relief from the uncertainty and controversy which Defendants' accusations

have precipitated, Emerson seeks a declaration from this Court that the '062

Accused Products do not infringe claim 2 of the '062 Patent.

## DEMAND FOR JURY TRIAL

51.     Emerson respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Emerson requests entry of judgment in their favor and

against Defendants:

a.     Declaring that each of the identified claims of the Patents-in-

Suit is invalid under 35 U.S.C. § 101 et seq.;

b.     Declaring that the '511 Accused Products, and the '062

Accused Products have not infringed, and will not infringe, any of the identified

claims of the Patents-in-Suit, either directly, by active inducement, or by

contributing to infringement by others;

c.     Enjoining the Defendants and/or any affiliates, agents,

successors and attorneys, and all persons in active concert or participation with any

of them, from directly or indirectly asserting infringement against, or instituting

any further action for infringement of the identified claims of the Patents-in-Suit

against Plaintiffs, or any of their customers, affiliates, successors, assigns,

representatives, agents, subsidiaries, and vendors;

      d.     Finding that this is an exceptional case under 35 U.S.C. § 285 and awarding Emerson the costs and expenses of this litigation, including reasonable attorneys' fees and disbursements; and

      e.     Awarding to Emerson such other and further relief as the Court may deem just and proper under the circumstances.

By: **/s/ Damon J. Whitaker**

Dated:  January 30, 2015

William V. Custer
Georgia Bar No. 202910
bill.custer@bryancave.com
Damon J. Whitaker
Georgia Bar No. 752722
damon.whitaker@bryancave.com
**BRYAN CAVE, LLP**
One Atlantic Center, Fourteenth Floor
1201 W. Peachtree St., N.W.
Atlanta, Georgia  30309
Tel:  404-572-6828
Fax: 404-420-0828

-Of Counsel-
Donald L. Jackson
James D. Berquist
J. Scott Davidson
**DAVIDSON BERQUIST JACKSON & GOWDEY, LLP**
4300 Wilson Blvd., Suite 700
Arlington, Virginia 22203
Telephone: (703) 894-6400
Facsimile: (703) 894-6430
djackson@dbjg.com
jberquist@dbjg.com

_____

sdavidson@dbjg.com

Attorneys for Plaintiffs
EMERSON ELECTRIC CO., FISHER-
ROSEMOUNT SYSTEMS, INC. and
ROSEMOUNT, INC.