IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EMERSON ELECTRIC CO., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| SIPCO LLC, *et al.*, | : | CIVIL ACTION NO. |
| | : | 1:15-CV-0319-AT |
| | : | |
| Defendants. | : | |

**<u>ORDER</u>**

Pursuant to Rule 53(a) of the Federal Rules of Civil Procedure, the Court may appoint a special master "to hold trial and proceedings and make or recommend findings of fact on issues to be decided without a jury if the appointment is warranted by . . . some exceptional condition." Fed. R. Civ. P. 53(a)(1)(B)(i). The Court may also appoint a special master to "perform duties consented to by the parties." Fed. R. Civ. P. 53(a)(1)(A).

This case involves over ten patents concerning methods and systems for wireless communications networks generally consisting of wireless transceivers, actuators, routers, bridges, gateways, and servers. Not all of these devices are included in every patent, however. Claim construction and the case as a whole, given its posture, involve complex technical issues that constitute exceptional circumstances warranting the appointment of a special master. Given the significance of the issues raised in the case, the Court believes that the litigation

will most smoothly and efficiently proceed toward trial with the appointment of a special master. Accordingly, the Court **NOTIFIES** the parties that it intends to appoint a special master, absent objection of either party.

If the Court appoints a special master, the master shall preside over the case through summary judgment, consistent with the standards of Federal Rule of Civil Procedure 53. That includes: (1) presiding over the *Markman* hearing; (2) submitting a report and recommendation ("R&R") on claim construction to the Court; (3) resolving and, when necessary, submitting R&Rs regarding any discovery disputes through summary judgment; and (4) submitting an R&R in connection with any motion for summary judgment. The sequence in which the parties may present arguments and the manner of presentation of evidence at the *Markman* hearing will be determined by the special master. The Court will allow the parties to confer with the special master to schedule a date for the *Markman* hearing, but the Court will require that the *Markman* hearing take place no later than April 14, 2017, absent a good cause showing suggesting a later scheduling. The Court will not prohibit the special master from communicating with the Court *ex parte* as the Court finds such communication helpful in management of the litigation and believes that such communication will expedite the Court's final resolution of the case. All reports and orders of the special master will be reviewed pursuant to the provisions of Fed. R. Civ. P. 53(f). The parties will share equally in the cost of the special master. A proposed order of appointment is appended to this Order as Exhibit A.

Pursuant to Rule 53(b)(1), any party has an opportunity to be heard regarding the Court's decision to appoint a special master. Fed. R. Civ. P. 53(b)(1). Accordingly, the parties **SHALL CONFER** and determine whether either of the parties have objections to a special master appointment. The parties are **DIRECTED** to submit a joint statement indicating any objections — or lack thereof — to this appointment no later than Wednesday, September 14, 2016.[1] This joint statement of objections shall not exceed ten pages, five pages of which are allocated to each party.

The parties **SHALL** also submit as an attachment to their joint statement an agreed-upon list of no more than four (4) acceptable candidates for appointment as special master who have no conflicts with this appointment and who are willing to serve in this capacity. If the parties cannot agree upon a candidate or list of candidates, each party may submit a separate list of no more than two (2) acceptable candidates. In either case, the list of proposed candidates shall include a brief biography of the candidate identifying his or her qualifications. The Court suggests that the parties give preference to candidates who specialize in the relevant technology and who live in or near Atlanta, Georgia to minimize costs and avoid undue delay.[2] The Court may also propose one or more additional candidates for consideration.

---

[1] The Court notes that parties have essentially already done this both on their conference calls with the Court of August 10 and 19, 2016 as well as in the parties' Joint Motion to Enter Scheduling Order in the Consolidated Action. (*See* Docs. 140-42.)

[2] The Court, however, will still consider nominees from other locations.

If necessary, after the parties' submission of their joint statement and attached proposed list(s) of candidates, the Court may a hold a conference.

**IT IS SO ORDERED** this 2nd day of September, 2016.

_____
**Amy Totenberg**
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EMERSON ELECTRIC CO., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| SIPCO LLC, *et al.*, | : | CIVIL ACTION NO. |
| | : | 1:15-CV-0319-AT |
| | : | |
| Defendants. | : | |

**[EXHIBIT A]**
**[PROPOSED] ORDER OF APPOINTMENT OF SPECIAL MASTER**

This case involves over ten patents concerning methods and systems for wireless communications networks generally consisting of wireless transceivers, actuators, routers, bridges, gateways, and servers. Claim construction and the case as a whole, given its posture, involve complex technical issues that constitute exceptional circumstances warranting the appointment of a special master. Given the significance of the issues raised in the case, the Court believes that the litigation will most smoothly and efficiently proceed toward trial with the appointment of a special master.

The Court provided the parties with written notice of its intent to appoint a special master along with a proposed order of appointment. Neither party objects to the appointment of a special master or the selection of _____ for this appointment. Accordingly, the Court **APPOINTS** _____ as special master,

5

pursuant to Rule 53(a)(1) of the Federal Rules of Civil Procedure. The Court hereby **ORDERS** as follows:

(1) _____ shall serve as special master ("Special Master") in this case and shall discharge the following overall duties: (a) The Special Master shall conduct a *Markman* hearing and thereafter issue a Report and Recommendation ("R&R"); (b) the Special Master shall resolve and, when necessary, issue R&Rs regarding any discovery disputes arising in this matter through summary judgment; (c) the Special Master shall issue an R&R on any motion for summary judgment.

(2) The Special Master shall reasonably determine the appropriate procedures for resolution of all assigned matters after consultation with the parties and shall have the authority to take all appropriate measures to perform the assigned duties with such exceptions to procedure as set forth below. The Special Master shall consult with the parties to schedule an appropriate date and location for the *Markman* hearing.

(3) In conjunction with holding the *Markman* hearing, the Special Master shall consider the parties Joint Claim Construction Statement, Opening Claim Briefs, and Responsive Claim Briefs. The Special Master may also grant the parties leave to file surreply briefs or post-hearing briefs if he/she deems such filing just and proper.

(4) Discovery disputes shall be governed as follows:

a) In accordance with the parties' obligations under L.R. 37.1(A)(1), NDGa, any party wishing to raise a discovery dispute before the Special Master must first meet and confer with counsel for the opposing party.

b) In the event the parties are unable to resolve the discovery dispute following a meet and confer, the party wishing to raise the discovery dispute with the Special Master shall promptly notify the Special Master.

c) The Special Master may take any reasonable steps to resolve the discovery dispute without the filing of a formal motion including, *inter alia*, requiring the parties to submit short statements summarizing the dispute and holding a conference to address the parties' arguments.

d) If the Special Master is unable to resolve the discovery dispute informally, the party wishing to raise the discovery dispute with the Special Master shall file a motion in accordance with LR 37.1, NDGa.

e) The filing and service of motions arising from discovery disputes shall comply with the requirements set forth in LR 7.1, NDGa. In addition to filing such motions and supporting papers with the Court, the party raising the discovery dispute shall serve the Special Master by electronic mail.

    f) The Special Master may rule upon any discovery dispute that has been fully briefed in accordance with the procedures set forth herein: (1) without oral argument; or (2) after scheduling oral argument by the parties, either by telephonic conference or an in-person conference.  The Special Master shall confer with the parties as to an agreeable time and location for any such conference.

    g) Upon consideration of any discovery dispute raised and briefed in accordance with the procedures set forth herein, the Special Master shall enter an Order setting forth the decision and basis for the decision sufficient to permit the Court's review under Fed. R. Civ. P. 53(f).

(5) The Special Master is directed to proceed with all reasonable diligence to complete the tasks assigned by this Order.

(6) Pursuant to Rule 53(a)(2) and 53(b)(3), the Special Master has filed an affidavit with this Court that states that he/she has no relationship to the parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455.  During the course of these proceedings, the Special Master and the parties shall notify this Court immediately if they become aware of any potential grounds that would require disqualification.

(7) The parties and the Special Master may not communicate on an *ex parte* basis.  The Special Master, however, may contact the Court on an *ex parte* basis to discuss any matters relevant to this case.

(8) The parties shall file with the Clerk all papers filed for consideration by the Master, to the extent not already filed with the Clerk.  The Special Master shall also file with the Clerk all reports or orders.

(9) The Special Master shall maintain orderly files consisting of all documents submitted to him/her by the parties and of any of his/her written orders, findings, and/or recommendations.  The Special Master shall file any written orders, findings, and/or recommendations with the Court via Electronic Case Filing ("ECF").  Such filing shall constitute service in accordance with LR 5.1(A), NDGa.

(10) The Court's action on any written orders, findings, and/or recommendations of the Special Master shall be reviewed and handled in accordance with Fed. R. Civ. P. 53(f).

(11) Any party seeking review of any ruling of the Special Master shall comply with the procedures and within the time limits specified in Fed. R. Civ. P. 53(f).

(12) The Court has considered the fairness of imposing the likely expenses on the parties and has taken steps to protect against unreasonable expense or delay.  Pursuant to Rule 53(g), the Special Master shall be compensated at his/her hourly rate for work done pursuant to this Order and shall be reimbursed

for all reasonable expenses incurred. The Special Master shall not charge for travel time, but shall charge for travel expenses to the extent they are incurred. The Special Master shall provide an invoice for his/her services to all the parties on a monthly basis and those bills shall be promptly paid. The Special Master's fee shall be allocated equally between the Plaintiff's side and the Defendant's side.

**IT IS SO ORDERED** this ____ day of ____, 2016.

_____
**Amy Totenberg
United States District Judge**