IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EMERSON ELECTRIC CO., *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| SIPCO LLC, *et al.*, : | CIVIL ACTION NO. |
| : | 1:15-CV-319-AT |
| : | |
| Defendants. : | |

## **ORDER**

This matter is before the Court on the Special Master's Report and Recommendation on Emerson's Motion to Stay Pending *Inter Partes* Review [Doc. 201]. The Special Master has recommended that the Court grant in part Emerson's motion for a complete stay of the case, by instead granting a temporary and partial stay until the U.S. Patent and Trademark Office, Patent Trial and Appeal Board ("PTAB") has issued institution decisions on all of the pending IPR and CBM petitions. Emerson filed objections to the Report and Recommendation ("R&R") (Doc. 210), stating that it failed to properly weigh the relevant factors and find that a complete stay is justified. SIPCO subsequently filed a response to Emerson's objections (Doc. 212), wherein it urged the Court to adopt the R&R in full.

The Court has carefully reviewed the R&R along with the parties' objections and responses. The Court finds that the Special Master properly considered the relevant factors about whether or not to grant a stay, and it agrees with the Special Master's recommendation to grant a temporary and partial stay at this particular time. The Court hereby **ADOPTS** the Special Master's R&R [Doc. 201].

Furthermore, the Court acknowledges that the issue of potentially duplicative discovery raised by Emerson is a real one, and the Special Master has acknowledged this as well. On January 20, 2017, after issuing the R&R earlier that day, the Special Master emailed the parties about the need for them to confer with one another since "there may be some current discovery and/or discovery disputes that likewise should be stayed" in the event of a temporary stay. (Doc. 210, Ex. 6.) Thus, immediately following the entry of this Order, the Court **DIRECTS** the Special Master to schedule a conference with the parties regarding whether there are any additional, specific areas of currently pending discovery that should be subject to the temporary stay.

The Court also acknowledges Emerson's objections regarding the Special Master's recommended procedure for proceeding after all of the institution decisions have issued. The Special Master did not include this recommended procedure in the R&R, but he outlined it in the same January 20th email he sent to the parties. The Court finds that this issue is not ripe since the temporary stay is now in effect. Rather, it may potentially be an issue after the institution

decisions have issued, and therefore the Court **DIRECTS** the Special Master to schedule a conference with the parties at that time in order to address how the case should proceed.

Given that the PTAB institution decisions significantly affect the nature and future proceedings of this case, the Court **DIRECTS** Emerson to file each of these decisions separately on the docket. This includes institution decisions that have already issued but have not been filed separately on the docket, as well as all institution decisions that issue in the future.

**IT IS SO ORDERED** this 6th day of March, 2017.

_____
**Amy Totenberg**
**United States District Judge**