# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| EMERSON ELECTRIC CO., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action |
| | ) | File No. 1:15-cv-00319-AT |
| v. | ) | |
| | ) | |
| SIPCO, LLC, and | ) | |
| IP CO, LLC (d/b/a INTUS IQ), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## JOINT STIPULATION AND MOTION TO CONTINUE STAY

WHEREAS Emerson Electric Co., Fisher-Rosemount Systems, Inc., and Rosemount Inc. filed the instant declaratory judgement action on January 30, 2015 concerning U.S. Patent Nos. 7,103,511 ("the '511 patent") and 6,044,062 ("the '062 patent") ("NDGA Case") (Dkt. No. 1);

WHEREAS SIPCO LLC ("SIPCO") and IP CO., LLC ("IPCO") filed a complaint and an amended complaint for infringement against, *inter alia*, Emerson Electric Co., Emerson Process Management LLLP, Fisher-Rosemount Systems, Inc., and Rosemount Inc. ("Emerson") on October 16, 2015 and December 30, 2015, respectively, in the Eastern District of Texas asserting U.S. Patent Nos. 6,437,692 ("the '692 patent"), 6,914,893 ("the '893 patent"), 7,697,492 ("the '492

patent), 7,468,661 ("the '661 patent"), 8,754,780 ("the '780 patent"), 8,908,842

("the '842 patent"), 6,249,516 ("the '516 patent"), 8,000,314 (the '314 patent),

8,013,732 ("the '732 patent"), 8,233,471 ("the '471 patent"), and 8,625,496 ("the

'496 patent") in Case No. 6:15-cv-00907-RWS-KNM ("EDTX Case");

WHEREAS the EDTX Case was transferred to the Northern District of

Georgia on July 1, 2016 and consolidated with the NDGA case on August 18, 2016

(Dkt. Nos. 109, 121);

WHEREAS SIPCO and IPCO served an election of claims and asserted

patents in the NDGA on December 9, 2016 asserting claims from the '511 patent,

the '062 patent, the '692 patent, the '893 patent, the '492 patent, the '661 patent,

the '842 patent, the '732 patent, the '471 patent, and the '496 patent (Dkt. No.

185);

WHEREAS Emerson has filed several petitions for *inter partes* review and a

petition for covered business method review of the asserted patents before the

Patent Trial and Appeal Board of the United States Patent and Trademark Office

("PTAB");

WHEREAS this Court has stayed the proceedings until the PTAB issues the

last of its final written decisions concerning the asserted patents (Dkt. Nos. 218,

258);

WHEREAS SIPCO filed a complaint for infringement against Emerson Process Management LLLP, Emerson Process Management Asia Pacific Private Limited, Emerson Process Management Manufacturing (M) Sdn. Bhd., and Fisher-Rosemount Systems, Inc. on August 3, 2018 in the District of Delaware asserting the '893 and '511 patents, as well as U.S. Patent Nos. 8,964,708 ("the '708 patent"), and 9,439,126 ("the '126 patent") in Case No. 1:18-cv-1170 ("Del. Case") (Dkt. No. 268, Ex. F);

WHEREAS SIPCO filed a complaint for infringement against Emerson Electric Co. and Rosemount Inc. on August 3, 2018 in the Southern District of Texas asserting the '893 patent, the '511 patent, the '708 patent, and the '126 patent in Case No. 4:18-cv-02689 ("SDTX Case") (Dkt. No. 268, Ex. G);

WHEREAS SIPCO filed a complaint under section 337 of the Tariff Act of 1930 against Emerson Electric Co., Emerson Process Management LLLP, Emerson Process Management Asia Pacific Private Limited, Emerson Process Management Manufacturing (M) Sdn. Bhd., Fisher-Rosemount Systems, Inc., Rosemount Inc., Analog Devices, Inc., Linear Technology LLC, Dust Networks, Inc., Tadiran Batteries Inc., and Tadiran Batteries Ltd. on August 3, 2018 before the United States International Trade Commission asserting the '893 patent, the '511 patent, the '708 patent, and the '126 patent in *In the Matter of Certain*

*Wireless Mesh Networking Products and Related Components Thereof,*

Investigation No. 337-TA-1131 ("ITC Investigation");

WHEREAS the ITC Investigation was instituted on September 5, 2018 (Dkt.

No. 273, Ex. J);

WHEREAS Emerson Electric Co., Emerson Process Management LLLP,

Fisher-Rosemount Systems, Inc., and Rosemount Inc. filed a Combined

Emergency Motion to (1) Administratively Reopen the Case; (2) Lift the Stay for

Purposes of Considering the Instant Combined Motion; (3) Enjoin SIPCO LLC's

Newly-Filed Texas and Delaware Actions; (4) Stay All Cases Pending Final

Determination and Any Appeal in All PTAB Proceedings; and (5) Stay the Cases

Pending the Final Determination and Any Appeal of SIPCO LLC's Newly-Filed

Action at the International Trade Commission (Dkt. No. 268) ("Motion") on

August 17, 2018 before this Court; and

WHEREAS Emerson Electric Co., Emerson Process Management LLLP,

Fisher-Rosemount Systems, Inc., and Rosemount Inc. have properly sought a

statutory stay of the NDGA Case with respect to the '893 and '511 patents

pursuant to 28 U.S.C. § 1659, including through any appeal of the ITC

Investigation;

WHEREAS Emerson, SIPCO, and IPCO (collectively, the "Parties") have met and conferred and have reached an agreement resolving the Motion;

Accordingly, the Parties hereby STIPULATE as follows:

1.      SIPCO agrees to dismiss the Del. and SDTX Cases without prejudice and agrees to refrain from filing a lawsuit against Emerson on the patents in the dismissed cases for the duration of the 28 U.S.C. § 1659 stay ("§ 1659"), which includes any appeals from the ITC Investigation.

2.      Emerson agrees to refrain from filing another action for declaratory judgment on any of the patents in the Del. and SDTX Cases at any time before SIPCO refiles a lawsuit for infringement of those patents.

3.      Emerson acknowledges service of SIPCO's allegations of infringement of U.S. Patent Nos. 6,914,893, 7,103,511, 8,964,708, and 9,439,126, on August 3, 2018.  For any new lawsuit on any of these patents filed by SIPCO after the § 1659 stay, Emerson agrees that potential damages will be calculated in accordance with 35 U.S.C. §§ 286, 287 as if the suit was filed on August 3, 2018, as to those patents.

4.      The Parties agree that the one year time bar pursuant to 35 U.S.C. § 315(b) is running for Emerson with respect to U.S. Patent Nos. 8,964,708 and 9,439,126, and that it started to run on September 19, 2018.

5.      Emerson reserves all objections to the propriety of the Del. and SDTX Cases as well as any future cases.  SIPCO maintains its positions regarding the propriety of these cases and any future cases.

6.      The Parties agree that the NDGA Case will be stayed with respect to the '511 and '893 patents for the duration of the § 1659 stay, which includes any appeals from the ITC Investigation.

7.      The Parties agree that the NDGA case will be stayed through the PTAB's issuance of the last of its final written decisions on all other patents and that once the PTAB issues the last of its final written decisions they will notify the Court/Special Master regarding the status of the proceedings.

8.      Following the notification required under Paragraph 7, above, the Parties will address with the Court/Special Master, through briefing or a joint submission, the issue of continuing or lifting the stay (except for any allegations relating to the '511 patent and '893 patent, which will remain stayed because of § 1659).

9.      Emerson withdraws its pending emergency motion (Dkt. No. 268) in the entirety without prejudice to any of the issues raised therein.

Accordingly, the Parties hereby jointly MOVE the Court to:

1.      Extend the Court's stay (Dkt. Nos. 218, 258) as to U.S. Patent Nos.
        6,914,893 and 7,103,511 pursuant to 28 U.S.C. § 1659 until the
        determination of the U.S. International Trade Commission becomes
        final in *In the Matter of Certain Wireless Mesh Networking Products
        and Related Components Thereof*, Investigation No. 337-TA-1131,
        which includes any appeals therefrom;

2.      Extend the Court's stay (Dkt. Nos. 218, 258) until the last of the final
        written decisions issues from the PTAB on all other patents, at which
        point the parties will notify the Court and the Special Master
        regarding the status of the proceedings;

3.      Following the notification required under Paragraph 2, above, Order
        the Parties to address with the Court/Special Master, through briefing
        or a joint submission, the issue of continuing or lifting the stay (except
        for any allegations relating to the '511 patent and '893 patent, which
        will remain stayed because of § 1659).

4.      Order that the Emerson parties' Combined Emergency Motion to (1)
        Administratively Reopen the Case; (2) Lift the Stay for Purposes of
        Considering the Instant Combined Motion; (3) Enjoin SIPCO LLC's
        Newly-Filed Texas and Delaware Actions; (4) Stay All Cases Pending

Final Determination and Any Appeal in All PTAB Proceedings; and

(5) Stay the Cases Pending the Final Determination and Any Appeal

of SIPCO LLC's Newly-Filed Action at the International Trade

Commission (Dkt. No. 268) is withdrawn in its entirety without

prejudice to any of the issues raised therein; and

5.     Order that this action shall remain administratively closed following

entry of this Order.

A proposed Order granting the Parties stipulated joint motion is attached as

Exhibit A.

Date: October 4, 2018

Respectfully submitted,

/s/ William V. Custer
James R. Batchelder (*pro hac vice*)
ROPES & GRAY LLP
1900 University Ave. Sixth Floor
East Palo Alto, CA 94303-2284
Tel:  (650) 617-4000
Fax: (650) 617-4090
james.batchelder@ropesgray.com

William V. Custer (Georgia Bar No. 202910)
Damon J. Whitaker (Georgia Bar No. 752722)
BRYAN CAVE LEIGHTON PAISNER, LLP
1201 W. Peachtree St. N.W., 14th Floor

Atlanta, Georgia 30309
Tel:  (404) 572-6828
Fax: (404) 420-0828
bill.custer@bclplaw.com
damon.whitaker@bclplaw.com

*Counsel for Emerson Electric Co., Emerson
Process Management LLLP, Fisher-
Rosemount Systems, Inc., and Rosemount Inc.*

/s/ Alexandra Nelson
Alexandra Nelson
Georgia Bar No. 241352
**Thompson Hine LLP**
Two Alliance Center, Suite 1600
3560 Lenox Road
Atlanta, Georgia 30326
Telephone: 404-541-2900
Facsimile:  404-541-2905
Alex.Nelson@ThompsonHine.com

/s/ Paul J. Cronin
Paul J. Cronin, *Pro hac vice*
James C. Hall, *Pro hac vice*
**Nutter, McClennen & Fish LLP**
155 Seaport Boulevard
Boston, Massachusetts 02210-2604
Telephone: 617-439-2000
Facsimile:  617-310-9000
pcronin@nutter.com
jhall@nutter.com

*Counsel for SIPCO, LLC and IP CO, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

The undersigned hereby certifies that this filing was prepared using one of

the font and point selections approved by this Court in Local Rule 5.1C.

Specifically, Times New Roman font was used in 14 point.

/s/ William V. Custer
Georgia Bar No. 202910

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed a copy of the foregoing **Joint

Stipulation and Motion to Continue Stay** with the Clerk of Court using the

CM/ECF system, which will automatically notify all counsel of record.

Dated: October 4, 2018

/s/ William V. Custer
Georgia Bar No. 202910